HOLDEN BUILDING AND LOAN ASSOCIATION, Appellant,
v. M. E. WANN, Respondent.

#### Kansas City Court of Appeals, February 2, 1891.

1. **Forcible Entry and Detainer:** ATTORNMENT TO PURCHASER
UNDER LANDLORD'S DEED OF TRUST. A tenant is authorized to
attorn to a purchaser under the foreclosure of the landlord's deed
of trust, and on proper exhibition of purchaser's deed he must so
attorn, and this right of the purchaser is not restricted to cases
where the former landlord shall consent. After such attornment
by the tenant, and his abandonment of the place, if the former
landlord enter into the premises without the consent of such pur-
chaser, he is guilty of forcible entry and detainer.

2. ———: ———. *Frank v. Nichols,* 6 Mo. App. 72, *distinguished.*

*Appeal from the Johnson Circuit Court.*—HON. CHAS.
W. SLOAN, Judge.

REVERSED AND REMANDED (*with directions*).

*Orr & McLin* and *Samuel P. Sparks,* for appellant.

(1) The evidence clearly entitled plaintiff to a find-
ing and judgment, and the court erred in refusing plain-
tiff's first declaration. *Pentz v. Kuester,* 41 Mo. 447;
*Kingman v. Abington,* 56 Mo. 46; R. S. 1879, sec. 3080.
(2) The plaintiff was in possession upon Bryan's deliv-
ering the keys of the house to it. Possession in person
was not required, and the court erred in refusing the
first declaration of plaintiff. *Kingman v. Abington,*
*supra.* (3) The court erred in the declaration of law,
given of its own motion, to the effect that the attorn-
ment of Bryan could not be made without the consent
of his landlord, Mrs. Wann. This was an illogical mis-
conception of the statute. If a tenant becomes the
tenant of another with the consent of his landlord, it
certainly is not a case of attornment at all, but one of
agreement, purely. *Lindenbower v. Bentley,* 86 Mo.

515. (4) The court, in passing upon the declarations of law and deciding the case upon its merits, claimed to be guided by the case of *Frank v. Nichols*, 6 Mo. App. 72 ; but that case and this, we think, are as dissimilar as day and night.

*Wm. T. Jamison,* for respondent.

The evidence does not show that the tenant of defendant ever attempted to attorn to the plaintiff. The tenant was powerless to attorn to the plaintiff, because the plaintiff had no title. *Siemers v. Schrader,* 88 Mo. 20 ; *Davis v. Bessehl,* 88 Mo. 439, and 28 Mo. App. 315. There was no evidence of any title in the plaintiff, nor does plaintiff claim or attempt to show any title except by the so-called trustee's deed of D. M. Raker, who styles himself the acting sheriff of Johnson county.

GILL, J.—This is an action of forcible entry and detainer, to recover possession of a town lot and house thereon situated, in the city of Holden, Missouri. The cause was tried by the court without the aid of a jury, judgment rendered for defendant and plaintiff appeals. The house and lot were formerly owned by Mrs. M. E. Wann, the defendant. In the years 1884 and '1885, she made two separate deeds of trust on the property to secure the payment of some indebtedness to the plaintiff Building and Loan Association. Having defaulted in the notes secured by the deeds of trust, the said property was, by the trustee, sold in September, 1887, and the association, plaintiff, became a purchaser, and the trustee made his deed accordingly. At the date of such foreclosure and purchase, and for some time prior thereto, one Bryan occupied the premises as tenant of Mrs. Wann ; but, after the purchase by the association, Bryan attorned to the plaintiff, and from that date recognized the association as his landlord and paid rent to it. On March 4, 1889, Bryan left the premises, and

on his abandonment and payment of all the rent to plaintiff, he locked the house and left the keys with plaintiff. The next day (March 5) defendant, Mrs. Wann, went to the building, and, having secured a key in some way that would unlock a door, forcibly entered the premises without the knowledge and consent of the association, or its agent. This possession she refused to abandon, and this suit was brought with the result before stated.

Respondent's counsel has failed to point out any reasonable theory upon which this judgment can be sustained. We assume, however, that the judgment was grounded on the following declaration of law: The court of its own motion declared the law as follows: "The court declares the law to be that, although the court sitting as a jury finds from the evidence that defendant rented the premises in controversy to John Bryan as tenant, and that said tenant, after a sale of said premises under the deeds of trust, read in evidence, attorned to plaintiff and paid it rent thereafter up to the time said tenant vacated or abandoned said premises, yet if the court further believe and find from the evidence that said Bryan attorned to said plaintiff without the knowledge or consent of defendant at the time, and that said defendant never ratified said act of attornment by said Bryan, then the finding should be for defendant." This view of the law was manifestly erroneous. A tenant is authorized to attorn to a purchaser under the foreclosure of the landlord's deed of trust on the premises. Section 3080, Revised Statutes, 1879, provides: "The attornment of a tenant to a stranger shall be void, and shall not in any wise effect the possession of his landlord, *unless* it is made: *First*, with the consent of the landlord; or, *second*, pursuant to or in consequence of a judgment at law or a decree in equity, *or* sale under execution *or deed of trust;* or, *third*, to a mortgagee after the mortgage has been forfeited." Then further, by sections 3103, 3104

and 3105, the statute has provided a remedy for the purchaser, as against a tenant who may refuse to acknowledge the new landlord. If the purchaser demand rent from the tenant, and exhibit to such tenant his deed to the premises, properly acknowledged, and the tenant refuse such demand, then the holder of such deed may prosecute his action for possession. It will be thus seen, that not only the tenant *may*, but that he *must*, on a proper exhibition of the purchaser's deed, attorn to the new landlord. This right, too, is not restricted to cases where the former landlord shall *consent*. But it is made the duty of the tenant, under such circumstances, to acknowledge the new landlord regardless of the assent, at the time, given by the former holder of the title. This assent was given in view of the law, when the deed or deed of trust, was executed by the former owner. In line with this opinion we cite the following : *Culverhouse v. Worts*, 32 Mo. App. 427 ; *Lindendower v. Bently*, 86 Mo. 515.

The decision of the St. Louis Court of Appeals (*Frank v. Nichols*, 6 Mo. App. 72 ) is not out of harmony with the position here taken. There the holder of the deed of trust attempted to take possession and hold the property before a foreclosure of the equity of redemption by a sale. The tenant in that case had no authority, under the statute we have quoted, to attorn to a mere holder of a deed of trust. It is only permitted where there has been a sale thereunder.

Bryan then was entirely justified in attorning to the plaintiff. He rightfully became plaintiff's tenant. His possession was its possession ; and his abandonment, *ipso facto*, restored the plaintiff's actual occupancy. *Frank v. Nichols*, 6 Mo. App. 75. Mrs. Wann, it is quite clear, was guilty of forcible entry and detainer. The judgment was manifestly for the wrong party ; and we, therefore, reverse the judgment and remand the cause, with directions to the circuit court to enter a proper judgment for the plaintiff. All concur.